Filed 8/24/16  P. v. McKay CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARK ANTHONY MCKAY,<br><br>    Defendant and Appellant. | B267749<br><br>(Los Angeles County<br>Super. Ct. No. BA412373) |

THE COURT:*

Defendant and appellant Mark Anthony McKay (defendant) filed a notice of appeal from his sentence or other matters occurring after he entered a plea of no contest. His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On May 31, 2016, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and

---

\*      ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J.

defendant has submitted no brief or letter. We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

After a preliminary hearing in which evidence was presented that defendant and a codefendant had participated in the fatal stabbing of Eduardo Triana, the two were charged with one count of murder in violation of Penal Code section 187, subdivision (a).[1] The information further alleged that defendant had been convicted of three prior serious felonies for which he served prison terms within the meaning of section 667.5, subdivision (b).

On September 2, 2015, in a negotiated plea agreement pursuant to *People v. West* (1970) 3 Cal.3d 595, defendant pled no contest to voluntary manslaughter, in violation of section 192, subdivision (a). He admitted two prior prison term allegations, and was sentenced as agreed to a total prison term of eight years. The trial court selected the middle term of six years, enhanced by two one-year prison priors, and awarded 800 actual days of presentence custody credit, plus 120 days of conduct credits, for a total of 920 days. The court imposed mandatory fines and fees, and ordered victim restitution. Defendant waived his presence at the restitution hearing, which was held on September 29, 2015. Based upon the recommendation of the Victims Compensation Board, the trial court entered an order against defendant and his codefendant, jointly and severally, for victim restitution in the sum of $6,725, for burial and other expenses.

Defendant initially filed a notice of appeal with request for certificate of probable cause, which was denied by the trial court. Defendant then filed a timely notice of appeal from unspecified matters occurring after his no contest plea and not affecting the validity of the plea.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment

---

[1] All further statutory references are to the Penal Code.

entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.